UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| ANDREW JAMES MCGONIGLE, *on behalf of himself and others similarly situated*, | CIVIL ACTION |
| v. | NO. 1:24-cv-1887 |
| SHOPPERSCHOICE.COM, L.L.C. d/b/a BBQGUYS.COM | |

### SUPPORTING BRIEF OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE UNDER 28 U.S.C. § 1404

Pursuant to 28 U.S.C § 1404(a), Defendant ShoppersChoice.com, L.L.C. d/b/a BBQGuys.com ("Defendant" or "BBQGuys") moves this Court for an order dismissing this action or, in the alternative, transferring venue because the convenience of witnesses and parties and interests of justice are better met by proceeding before the U.S. District Court for the Middle District of Louisiana. This Court should further grant this Motion because Plaintiff's choice of forum is entitled to little weight in putative class actions brought under the Telephone Consumer Protection Act ("TCPA"). The Middle District of Louisiana is the more suitable venue, as it is the district where Defendant is headquartered, where the relevant events occurred, and where relevant witnesses are located.

### FACTUAL BACKGROUND

Plaintiff Andrew James McGonigle ("Plaintiff") filed the Complaint in the Eastern District of Virginia on October 25, 2024, bringing claims of TCPA violations on his behalf and a putative nationwide class. Compl. ¶¶ 49–57. Specifically, Plaintiff claims that BBQGuys or its agents violated the TCPA by sending unsolicited texts to Plaintiff, who was recently added to the Do Not Call list, and by sending more than one solicitation text in a 12-month period. *Id.* Plaintiff is a

4

Virginia resident intending to represent and certify a class consisting of all persons in the United States who received unsolicited text messages from BBQGuys similar to Plaintiff or those who were on the Do Not Call list and received more than one solicitation text from BBQGuys within a 12-month period. *Id.* Plaintiff claims venue in this Court under 28 U.S.C. § 1391(b) on the basis that a substantial portion of the events giving rise to this action occurred in this district.

BBQGuys is a Louisiana limited liability company headquartered in Baton Rouge, Louisiana. Exhibit 1: Decl. of Jennifer Henagan, ¶ 3. BBQGuys' only other physical locations are in Atlanta, Georgia and West Palm Beach, Florida, which both house outdoor living design centers. *Id.* As part of its many marketing and advertising activities, BBQGuys on occasion conducts text messaging campaigns, alerting the recipients to upcoming sales on products, incentives, and other information that BBQGuys believes would be of interest to the recipients. Prior to texting any telephone number, BBQGuys obtains the recipient's consent to send marketing communications.

The persons involved with the communications at issue and policies around same are in Louisiana. All the instructions concerning text messages to be sent and their recipients are prepared at and sent from Louisiana through its third-party vendor SMS solution, Attentive Mobile, Inc. ("Attentive"). Attentive does not maintain an office in Virginia. All BBQGuys employees who manage their licensed software solutions and website (where phone consents are often collected) are in Louisiana. BBQGuys does not own or operate any offices in Virginia and does not maintain any records or equipment in Virginia.

## **LEGAL STANDARD**

A court may dismiss or transfer a civil action to a different federal jurisdiction under 28 U.S.C. § 1404. Section 1404 is intended to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense by being

required to litigate in an inconvenient forum. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotations omitted). For the convenience of the parties and witnesses, and in the interest of justice, this Court may transfer any civil action to any other district where parties have consented to the transfer or to a district where the action "might have been brought." 28 U.S.C. § 1404(a). In evaluating a motion seeking transfer under section 1404, the Court must determine: (a) whether the claims might have been brought in the transferee forum, and (b) whether the interest of justice and convenience of the parties and witnesses justify that transfer. *Koh v. Microtek Inter., Inc.*, 250 F.Supp.2d 627, 630 (E.D. Va. 2003).

The Court may only transfer a civil action to another district "where it might have been brought" by Plaintiff originally— meaning that the transferee district is a proper venue, has subject matter jurisdiction, and can exercise personal jurisdiction over the defendant. 28 U.S.C. § 1404(a). As to the second consideration, courts balance nonexclusive factors, the most important including: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) witness convenience and access, and (4) interest of justice."[1] *Pragmatus AV, LLC v. Facebook, Inc.*, 769 F.Supp. 2d 991, 995 (E.D. Va. 2011). This analysis is highly fact dependent. No single factor is dispositive, and courts have significant discretion to decide based on a case-by-case consideration of convenience and fairness. *Hengle v. Curry*, No. 3:18-cv-100, 2018 WL 3016289 at *15–16 (E.D. Va. Jun. 15, 2018).

## ARGUMENT

This Court should exercise its discretion and dismiss or transfer the case to the more appropriate forum of the Middle District of Louisiana. Plaintiff could have—and should have— brought this nationwide putative class action in Louisiana because Virginia has no connection to

---

[1] Courts may also consider: (a) ease of access to sources of proof, (b) cost of obtaining witness attendance, (c) availability of compulsory process, (d) local interest, and (e) the courts' respective familiarity with applicable law. *Hengle*, No. 3:18-cv-100, 2018 WL 3016289 at *15.

the conduct being challenged in the Complaint other than being Plaintiff's residence and possibly the residence of other putative class members. The putative class action should not go forward. But if it does, the case should be in the Middle District of Louisiana for the convenience of witnesses and parties and in the interests of justice.

I.     **Plaintiff Could Have Filed this Suit in the Middle District of Louisiana.**

There are no reasonable grounds for disputing that Plaintiff could have brough his suit in the Middle District of Louisiana. First, Plaintiff's claims are solely based in the TCPA, so any federal district court has subject matter jurisdiction. 28 U.S.C. § 1331; *see also* Compl. ¶ 3.

The Middle District of Louisiana further has personal jurisdiction over BBQGuys. BBQGuys is an LLC, and venue is proper to an LLC in any judicial district where the defendant is subject to the court's personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(2). BBQGuys has had systematic and continuous contacts with Louisiana for its entire lifespan. BBQGuys, registered as a Louisiana limited liability company, was founded in 1998 in Baton Rouge, Louisiana and has maintained a physical presence in Baton Rouge throughout its history. *See* Exh. 1, ¶ 3. Today, BBQGuys' 202,000 square foot headquarters in Baton Rouge is home to multiple warehouses, BBQGuys' sales and support center, a showroom, its outdoor kitchen design service, all online operations staff and numerous corporate officers. Exh. 1, ¶ 4. BBQGuys currently employs 138 Louisiana residents, and 240 total employees.[2] Exh. 1, ¶ 5. Louisiana clearly has general personal jurisdiction over BBQGuys.

---

[2] BBQGuys does employ 4 remote workers that reside in Virginia. None of the Virginia employees are in management or decision-making roles, and BBQGuys do not anticipate calling these employees as witnesses. Exh. 1, ¶ 45.

7

Venue is also proper in the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. The only relationship between the claims and Virginia alleged by Plaintiffs is that the Plaintiff is a Virginia resident that purportedly received unwanted texts in Virginia. However, much relevant activity occurs prior to any BBQGuys marketing texts being received on a mobile device. A non-exhaustive list of these Louisiana activities comprises:

(a) Establishment and full implementation of the marketing texting program occurred in Baton Rouge.

(b) Development and maintenance of marketing and/or texting programs, performed by BBQGuys' marketing team, located primarily in Baton Rouge. The marketing team is also responsible for managing the relationship with Attentive, managing BBQGuys' customer relations management system, and preparing the content for text campaigns. Exh. 1, ¶ 6.

(c) Request and receipt of text message recipients' contact information and any consent to texting or other marketing communication. Much of this collection (including the relevant consent for this matter) is done through the BBQGuys website, which is maintained by BBQGuys' Baton Rouge-based IT team. Exh. 1, ¶ 6.

(d) BBQGuys' policies relevant to this dispute are generated and enforced through the participation of multiple Baton Rouge-based departments (e.g., legal, employment, IT). Exh. 1, ¶ 6.

Because jurisdiction and venue would be proper in the Middle District of Louisiana, Plaintiff could have brought this case there, thus satisfying the first requirement for transfer.

**II.     The 28 U.S.C. § 1404(a) Factors Favor Transfer to the Middle District of Louisiana.**

The Court next evaluates the Section 1404(a) transfer principles to assess whether of convenience favors a transfer. These principles are "well settled and include plaintiff's choice of venue, witness convenience and access, party convenience, and the interest of justice." *Gonzalez v. Homefix Custom Remodeling, Corp.*, 670 F.Supp.3d 337, 347 (E.D. Va. 2023).

### A. Plaintiff's Choice of Venue is Entitled to Little Weight in a Putative Nationwide Class Action.

A plaintiff's chosen venue is typically "entitled to substantial weight." Yet, courts do not extend this deference in class actions because there may be "numerous potential plaintiffs, each of which that could make a showing that a certain forum is best suited for the adjudication of the class's claim." *James v. Experian Info. Sols., Inc.*, No. 3:12-cv-902, 2014 WL 29041 at *7 (E.D. Va. Jan. 2, 2014). Particularly in nationwide class actions, plaintiffs likely live in various parts of the United States, so "the Plaintiff's choice of forum is entitled to little deference." *Id.* This Court recently observed that plaintiffs' choice of forum is due even less weight in telemarking cases under the TPCA because such claims are "normally attorney driven and require little participation from the named plaintiff for their individual claim or as class representatives." *Gonzalez*, 670 F.Supp.3d at 348 (citing *Newman v. Direct Energy, L.P.*, 4:23-cv-01388, 2023 WL 2914788 at *3 (D. Md. Apr. 12, 2023)).

Considering the little deference granted, courts commonly instead require putative nationwide TCPA class actions to be litigated where the text messages or calls came from. For example, in *Gonzalez v. Homefix Custom Remodeling, Corp.*, the Eastern District of Virginia transferred a TCPA class action to Maryland because the plaintiff's chosen venue was entitled to little weight and what weight was given was far outdone by considerations of convenience, access to evidence, and policy reasons. 670 F.Supp.3d at 348. *See also Neff v. Towbin Dodge LLC*, No. 2:20-cv-00261, 2020 WL 6802188 (E.D. Cal. Nov. 19, 2020) (transferring the suit to the District

9

of Nevada, noting that plaintiff "provides no indication that any class members other than himself would not also have to travel hundreds of miles to litigate" in California) (citing *Mina v. Red Robin Int'l, Inc.*, No. CV 18-9472 PSG, 2020 WL 4037163 at *3 (C.D. Cal. Mar. 3, 2020)). This transfer occurs even when the plaintiff filed suit in their home district. *See Pierucci v. Homes.com Inc.*, No. CV-20-08048, 2020 WL 5439534 (D. Ariz. Sept. 10, 2020) (finding the operative facts occurred where the defendant made its marketing decisions, where the equipment used to generate the text message in question is kept, and from where the text message was sent—and not where plaintiff received the messages). Considering the nature of TCPA suits, wherein name plaintiffs contribute little to the outcome, the decisions made to send the text messages and persons responsible for sending any unsolicited texts will play a far more significant role in the final resolution. *Id.* at *11–12; *Gonzales*, 670 F.Supp.3d at 348.

Other than receipt of the subject text messages, all other substantive activities occurred in Louisiana. TCPA liability attaches to the making of an unsolicited call or sending an unsolicited text (not its receipt), so if any TCPA violations occurred (which is disputed in full by BBQGuys), they occurred in Louisiana. *See* 47 U.S.C. § 227(b)(1)(A). No BBQGuys offices exist in Virginia, nor does BBQGuys store any records in Virginia or anticipate any witnesses other than Plaintiff to be in Virginia. The Middle District of Louisiana is thus the most convenient forum for this action.

**B. Convenience of the Witnesses Favors Transfer to Louisiana.**

Convenience of the witnesses also supports transfer to Louisiana. BBQGuys anticipates the most relevant witnesses will be current or former BBQGuys employees who support marketing operations, the websites, and are otherwise familiar with the relevant texting. None of these anticipated witnesses are in Virginia. Exh. 1, ¶ 9–13. As attested in the affidavit of Jennifer Henagan of BBQGuys, BBQGuys expects the following persons to be called as witnesses:

10

- <u>Emily Guardalabene, Brand Manager (prior: Campaign Manager)</u>: Ms. Guardalabene led the effort to start the sales campaign texting program at BBQGuys and would be the person most knowledgeable about that effort. Ms. Guardalabene would also be responsible for working with Attentive and providing instructions about the texting campaign. Ms. Guardalabene resides and works in Louisiana. Exh. 1, ¶¶ 9–10.

- <u>Andrew Kemp, Integration Engineer</u>: Mr. Kemp was responsible for building forms for online collection of consumer information and integrations between the contact information collection and delivery to Attentive. Mr. Kemp resides and works in Louisiana. Exh. 1, ¶ 12.

- <u>Alexandra Kehoe, Email & SMS Channel Manager</u>: Ms. Kehoe assumed Ms. Guardalabene's texting campaign role approximately 6 months ago. Ms. Kehoe is a remote employee residing in Michigan. Exh. 1, ¶ 11.

- <u>Jason Stutes, Former Chief Digital Officer (prior Vice President of Marketing & eCommerce)</u>: Mr. Stutes worked at headquarters and supervised Ms. Guardalabene during his employment with BBQGuys. Mr. Stutes left BBQGuys in 2023 but remains a Louisiana resident. Exh. 1, ¶ 13.

BBQGuys anticipates that additional witnesses will be identified as the litigation proceeds, but on information and belief, these individuals would not be in Virginia. Louisiana, therefore, is a considerably more convenient venue for the potential witnesses and conducting of pre-trial discovery. Further, to the extent that any relevant witness is disinclined to testify, but still resides in Louisiana, a Louisiana court is much better positioned to issue compulsory process. Thus, this factor favors transfer.

**C. Convenience of the Parties Favors Transfer to the Middle District of Louisiana.**

The Middle District of Louisiana is undoubtedly a more convenient forum for BBQGuys. Baton Rouge would be a less convenient location for Plaintiff, but that burden is mitigated by the fact that Plaintiff intends to bring this action on behalf of a nationwide class. Assuming, *arguendo*, actionable texts were made to persons outside of Virginia, the TCPA claims of Virginia non-residents would have no connection to this forum. Indeed, the Complaint does not allege anywhere that BBQGuys took any specific relevant action in Virginia. *See generally* Compl. Thus, the general convenience of the parties also favors transfer to Louisiana.

The parties' ability to easily access sources of proof also favors transfer. Though BBQGuys holds many of its records electronically, the local servers and physical records primarily reside at headquarters in Baton Rouge. Exh. 1, ¶ 14. *See Byerson v. Equifax Info. Serv., LLC*, 467 F.Supp.2d 627, 634 (E.D. Va. 2006) (finding the location of a party's headquarters instructive as to accessibility of evidence). Aside from proof of the text messages sent to Plaintiff, which can be provided electronically, BBQGuys is not aware at this time of any further evidence to be collected in Virginia from Plaintiff directly.[3] BBQGuys has no records or offices in Virginia, so Louisiana presents a far more convenient forum.

**D. The Interest of Justice Further Supports Transfer to the Middle District of Louisiana.**

The interest of justice addresses public interest factors directed towards systemic integrity and fairness and must be considered by the Court. *Byerson*, 467 F.Supp.2d 627 at 635. "Fairness is assessed by considering docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and

---

[3] Because this cause is in its infancy, the full scope of potential discovery is currently unknown. BBQGuys maintains the right to propound any discovery requests permissible by law, and nothing in this motion or memorandum in support constitutes a waiver of any claims, defenses, or BBQGuys' right to conduct a full discovery.

12

interest in avoiding unnecessary conflicts of law." *Id.* (citing *Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 386 F.Supp.2d 708, 721 n. 16 (E.D. Va. 2005).

Virginia's only connection to this dispute is as Plaintiff's residence. Considering the putative nationwide class action intent, Virginia has no greater interest in this case than any other state that counts class members among their residents. *See Koster v. (Am.) Lubermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947). In comparison, the Middle District of Louisiana has local interest. BBQGuys is a Louisiana company, a significant percentage of its employees are Louisiana residents, operative facts occurred in Louisiana, and Louisiana is where most witnesses, documents, and other materials are located. Many BBQGuys customers (*arguendo* potential class members) are in Louisiana, and Louisiana jurors would have an interest in a case involving marketing decisions made in Louisiana by a Louisiana company. *See Va. Innovation Scis., Inc. v. Samsung Electronics Co., Ltd.*, 928 F.Supp.2d 863, 873 (E.D. Va. 2013); *see also Geraci v. Red Robin Int'l, Inc.*, No. 1:18-cv-15542, 2019 WL 2574976 (D.N.J. Jun. 24, 2019) (finding Colorado to have a more compelling local interest in a suit than New Jersey concerning "a company headquartered in Colorado allegedly harming citizens throughout the nation by using technology in Colorado to effect marketing decisions made in Colorado"). This controversy is not local to Virginia, as the texting program and policies regarding their use were developed in Louisiana, and BBQGuys has texting recipients located across the country. *See Sunstone Info. Defense, Inc. v. F5 Networks, Inc.*, C.A. No. 2:21-cv-50, 2021 WL 5804571 at *6 (E.D. Va. Dec. 7, 2021). Though Plaintiff allegedly felt the harm from the claimed violation in Virginia, the class-wide nature of the allegations makes the real "center" of activities in this dispute where the alleged harm would have originated. Thus, local interest weighs in favor of transfer.

13

The remaining considerations addressing burden and court congestion are either neutral or have little impact. The TCPA is a federal law, so this Court nor the Middle District of Louisiana have an advantage when it comes to familiarity with and applying federal statutory law. To the extent that this Court's speed is faster than the Middle District of Louisiana, docket conditions present only a minor consideration when the other factors, as shown above, favor transfer. *Agilent Technologies, Inc. v. Micromuse, Inc.*, 316 F.Supp.2d 322, 329 (E.D. Va. 2004); *see also Telepharmacy Solutions, Inc. v. Pickpoint Corp.*, 238 F.Supp.2d 741, 744 (E.D. Va. 2003) ("such docket considerations cannot be the primary reason for retaining a case in this district"); *Jaffe v. LSI Corp.*, 874 F.Supp.2d 499, 506 (E.D.Va. 2012) ("[I]f the EDVA's speed was afforded controlling weight in every venue transfer motion, cases better suited for resolution elsewhere would never make it out of the District."). The strong favor towards transfer presented by the other factors outweighs any weight held by a potentially faster docket in Virginia.

## **CONCLUSION**

The Middle District of Louisiana is a far more convenient venue for this dispute. For the foregoing reasons presented, BBQGuys respectfully requests that this Court exercise its discretion and dismiss this action or, in the alternative, transfer this action to the Middle District of Louisiana.

[*Signature on following page*]

Respectfully submitted:


*/s/ Jessica C. Engler*
Jessica C. Engler (LA #35120; TX #24117388; NY #5967534)
**KEAN MILLER LLP**
909 Poydras St., Suite 3600
New Orleans, LA 70112
Tel: (504) 585-3050
Fax: (504) 585-3051

*PRO HAC VICE*

*/s/ Taylor J. Giles*_____
Lori Elliott Jarvis, VSB No. 36375
Taylor J. Giles, VSB No. 99979
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
8444 Westpark Dr., Ste. 510
McLean, Virginia 22102-5102
Tel: (703) 245-9300
Fax: (703) 245-9301


***Attorneys for ShoppersChoice.com, L.L.C. d/b/a BBQGuys.com***

15

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system this 20th day of December, 2024. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system and/or U.S. Mail.

/s/ *Taylor J. Giles*

16